DOCKET NO. 381

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE "AGENT ORANGE" PRODUCTS LIABILITY LITIGATION

TRANSFER ORDER

The Panel having ruled from the bench at the hearing on this matter that the actions in this litigation raise common questions of fact and that their transfer to the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation,

IT IS ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of New York be, and the same hereby are, transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable George C. Pratt for coordinated or consolidated pretrial proceedings with the actions already pending there and listed on Schedule A.*

FOR THE PANEL:

Murray I. Gurfein
Chairman

---

*Judges Andrew A. Caffrey and Roy W. Harper did not participate in the decision of this matter.

DOCKET NO. 381
Schedule A

| | Civil Action No. |
|---|---|
| **NORTHERN DISTRICT OF ILLINOIS** | |
| Robert W. Green, et al. v. The Dow Chemical Co., et al. | 79 Civ 651 |
| Charles Chapman, et al. v. The Dow Chemical Co., et al. | 79 Civ 652 |
| Bernhard Tiranti, et al. v. The Dow Chemical Co., et al. | 79 C 650 |
| **EASTERN DISTRICT OF NEW YORK** | |
| Edward Balzano, et al. v. The Dow Chemical Co., et al. | 79 C 525 |
| Kathleen Dowd, et al. v. The Dow Chemical Co., et al. | 79 C 467 |
| Stephen Curti, et al. v. The Dow Chemical Co., et al. | 79 C 526 |
| George L. Claxton, etc. v. The Dow Chemical Co., et al. | 79 C 527 |
| George Xirau, et al. v. The Dow Chemical Co., et al. | 79 C 528 |
| **SOUTHERN DISTRICT OF NEW YORK** | |
| Paul Reutershan, etc. v. The Dow Chemical Co., et al. | 78 Civ 4253 |
| Thomas E. Skillings, et al. v. The Dow Chemical Co., et al. | 79 Civ 557 |
| Stuart A. Steinberg, etc. v. The Dow Chemical Co., et al. | 79 Civ 826 |
| Marcelle J. Smith, et al. v. The Dow Chemical Co., et al. | 79 Civ 824 |
| Raymond D. Jupin, Jr., et al. v. The Dow Chemical Co., et al. | 79 Civ 825 |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR -4 1980                1/4/80

DOCKET NO. 381

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE "AGENT ORANGE" PRODUCTS LIABILITY LITIGATION

Lowell M. Coffey v. The Dow Chemical Co., et al.,
W.D. Kentucky, C.A. No. C-79-495-L(B)

TRANSFER ORDER*

The Panel, pursuant to 28 U.S.C. §1407, previously transferred several actions in this litigation to the Eastern District of New York and, with the consent of that court, assigned them to the Honorable George C. Pratt for coordinated or consolidated pretrial proceedings with related actions pending in that district. In re "Agent Orange" Products Liability Litigation, MDL-381 (J.P.M.L., May 8, 1979) (unpublished order).

Because the above-captioned action (Coffey I) appeared to involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 78 F.R.D. 561, 567-68 (1978), entered an order conditionally transferring Coffey I to the Eastern District of New York for inclusion in the coordinated or consolidated proceedings occurring there.

Certain parties opposed transfer of Coffey I. On the basis of the papers filed and a hearing held, the Panel vacated the conditional transfer order in Coffey I "without prejudice to the right of any party to seek transfer under Section 1407 if a substantial change of circumstances occurs." In re "Agent Orange" Products Liability Litigation, MDL-381 (J.P.M.L., January 29, 1980) (unpublished opinion and order).

Nine of fifteen defendants in Coffey I have since moved the Panel, or have joined in a motion, to transfer Coffey I to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings pending there. Plaintiff in Coffey I and an unserved defendant oppose the motion.

---

* Judges Caffrey and Harper took no part in the decision of this matter.

On the basis of the papers filed and the hearing held, the Panel finds that Coffey I involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of Coffey I to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel notes that some of the reasons set forth in the Panel's January 29, 1980 opinion and order vacating the conditional transfer order in Coffey I are no longer valid.

In an order dated February 6, 1980, the Honorable Thomas A. Ballantine, Jr., before whom Coffey I is pending in the Western District of Kentucky, denied plaintiff's motion for remand of Coffey I to Kentucky state court, and he also denied plaintiff's motion to assign Coffey I a trial date. In that order, Judge Ballantine stated as follows:

> There is not one line of discovery testimony in the record before the court and to assign the case for trial given the present skeletal state of the record and the complexity of the litigation would be manifestly unjust not only to the defendants but to the plaintiff as well.

The record presently before the Panel also makes it clear that the discovery contemplated by the parties in Coffey I will overlap the substantial discovery contemplated in the transferee district. Thus, we are now persuaded that inclusion of Coffey I in the coordinated or consolidated pretrial proceedings is necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings and otherwise ensure the orderly conduct of both Coffey I and the actions in the transferee district to the overall benefit of the parties, the witnesses and the judiciary. Any discovery or other pretrial proceedings unique to Coffey I may be scheduled by the transferee judge to proceed concurrently with the common pretrial proceedings, thereby permitting the litigation to proceed expeditiously and harmoniously in its entirety. See In re Multi-Piece Rim Products Liability Litigation, 464 F. Supp. 969, 974 (J.P.M.L. 1979).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled Lowell M. Coffey v. The Dow Chemical Co., et al., W.D. Kentucky, C.A. No. C-79-495-L(B), be, and the same hereby is, transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable George C. Pratt for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

Charles R. Weiner
Acting Chairman

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 29 1980

| | |
|---|---|
| IN RE "AGENT ORANGE" PRODUCTS LIABILITY LITIGATION ) ) ) Lowell M. Coffey v. The Dow Chemical Co., et al., W.D. Kentucky, C.A. No. C-79-495-L(B) ) ) ) ) Lowell M. Coffey v. The Department of Defense, et al., W.D. Kentucky, C.A. No. C-79-488-L (A) ) ) ) | DOCKET NO. 381 |

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND ANDREW A. CAFFREY,* ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

Prior Proceedings Before the Panel

The Panel, pursuant to 28 U.S.C. §1407, previously transferred several actions in this litigation to the Eastern District of New York and, with the consent of that court, assigned them to the Honorable George C. Pratt for coordinated or consolidated pretrial proceedings with related actions pending in that district. In re "Agent Orange" Products Liability Litigation, MDL-381 (J.P.M.L., May 8, 1979) (unpublished order).

Each action pending in the transferee district arises from the alleged exposure of members of the United States Armed Forces serving in Vietnam to a certain herbicide

---

* Judge Caffrey took no part in the decision of this matter.

referred to as "Agent Orange" that was allegedly contaminated with a toxic chemical compound.  Agent Orange was used extensively for defoliation purposes in Vietnam during the years 1962-1971.  It is alleged that approximately 4.2 million servicemen were exposed to Agent Orange during these years.

Plaintiffs in these actions include servicemen, their spouses, the servicemen's present and future children and the servicemen's parents.  Each of the actions originally before the Panel is brought as a class action on behalf of all exposed servicemen, and most of these actions are also brought as class actions on behalf of various relatives of the servicemen.  Plaintiffs allege that the exposure to Agent Orange has caused or may cause various physical defects in the exposed servicemen, and, in some instances, death; and that the exposure has also caused or may cause various developmental defects in the children of the exposed servicemen and, in some instances, death.  The theories on which relief is sought include, <u>inter alia</u>, negligence, strict liability and breach of warranty.

Defendants in the actions in the transferee district include, <u>inter alia</u>, five corporations that allegedly manufactured, formulated, advertised, promoted, marketed and sold Agent Orange.

The Panel found that those actions raise common questions of fact and that centralization of the actions in the Eastern District of New York would serve the convenience of the

parties and witnesses and promote the just and efficient conduct of the litigation.

Among the factual questions shared by the actions in the transferee district are questions concerning the formulation, testing, manufacture and labeling of Agent Orange by defendants, and questions concerning the various characteristics of Agent Orange, the scientific knowledge about the product, and the state of the art in the field encompassing this product.

Present Proceedings Before the Panel

Plaintiff in the first above-captioned action (Coffey I) and in the second above-captioned action (Coffey II) is an individual who allegedly suffered serious injuries when he was exposed to Agent Orange either during his tour of service with the U. S. Army in Vietnam between October, 1968 and November, 1969, or while he was in active service with the U. S. Army during the loading and transporting of this herbicide in Richmond, Kentucky.

Coffey I was originally filed on September 14, 1979, in Kentucky state court against 17 named defendants and three classes of described "unknown defendants." Five of these defendants are also defendants in all or most of the actions presently pending in the transferee district. Plaintiff seeks to recover damages based on theories of negligence, breach of implied and express warranties, strict liability, gross negligence, and wilful and wanton conduct.

On September 17, 1979, defendants removed Coffey I to federal court. On September 28, 1979, plaintiff filed

Case MDL No. 381   Document 315   Filed 05/18/15   Page 8 of 11
- 4 -

a motion to remand this action to state court. Defendants represent that this action has been stayed pending a ruling on the motion presently before the Panel.

Coffey II names as defendants the Department of Defense, the Department of the Army, the Secretary of Defense, the Secretary of the Army and John Doe(s), unknown agents and representatives of the Secretary of Defense. Plaintiff seeks to recover damages based on theories of negligence, strict liability, gross negligence, and wilful and wanton conduct. Presently pending before the district court in Kentucky is a motion by defendants to dismiss Coffey II for lack of subject matter jurisdiction.

Because Coffey I and Coffey II appeared to involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 78 F.R.D. 561, 567-68 (1978), entered orders conditionally transferring Coffey I and Coffey II to the Eastern District of New York for inclusion in the coordinated or consolidated proceedings occurring there. Plaintiff in Coffey I and Coffey II and defendants in Coffey II oppose transfer. In the alternative, defendants in Coffey II request that the Panel stay its consideration of transfer of Coffey II pending the Kentucky court's ruling on defendants' motion to dismiss. The five defendants in Coffey I, which are also defendants in all or most of the actions presently pending in the transferee district, support transfer of both Coffey I and Coffey II.

We find that while Coffey I and Coffey II share questions of fact with the previously transferred actions, transfer

of these two actions to the Eastern District of New York under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.

The parties favoring transfer assert that <u>Coffey I</u> and <u>Coffey II</u> share many complex factual questions with the actions pending in the Eastern District of New York, including those relating to the manufacture of **Agent Orange,** the various characteristics of the product (including its allegedly toxic nature and the persistence of the alleged toxicity), the extent of scientific knowledge about the product, the state of the art in the field encompassing the product, and the type and extent of testing of the product. Proponents note that while factual issues relating only to <u>Coffey I</u> and <u>Coffey II</u>, respectively, exist, discovery on those issues can be scheduled by Judge Pratt to proceed concurrently with common discovery.

Proponents note that while voluntary cooperation among parties is salutary, transfer of these two actions will help prevent duplicative discovery and conflicting pretrial rulings. And, centralization of all actions in the Eastern District of New York, proponents suggest, will promote the efficient conduct of the entire litigation.

Regarding the transfer of <u>Coffey I</u>, proponents contend that the pending motion to remand <u>Coffey I</u> to Kentucky state court is not a bar to transfer pursuant to Section 1407. Proponents state that they will vigorously oppose remand, and that the transferee court would have the power to resolve the remand issue.

Similarly, regarding the transfer of Coffey II, proponents maintain that the dismissal motion in that action should be resolved by the transferee court. Proponents represent that they intend to implead the United States in the actions pending in the Eastern District of New York, and therefore even if the Panel stays its proceedings pending a ruling by the district court in Kentucky on the dismissal motion in Coffey II, the jurisdictional issue underlying that motion would be raised again before Judge Pratt.

While we agree that Coffey I and Coffey II involve significant common questions of fact regarding Agent Orange with the actions in the transferee district, and that the presence of these issues commends Section 1407 transfer, on balance we are persuaded that this factor is outweighed by other factors, including the following: (1) Coffey I and Coffey II involve unique questions of fact relating to plaintiff's alleged involvement in loading and transporting Agent Orange at the Blue Grass Army Depot in Kentucky; (2) no party in Coffey II favors transfer; (3) plaintiff represents that he can meet a trial date of April 8, 1980, which was the trial date set in Coffey I while it was pending in state court; (4) plaintiff stated in his brief before the Panel that he is willing to stipulate that discovery in the actions in the transferee district and discovery in Coffey I and Coffey II may be used interchangeably; and (5) the disposition of the dismissal motion in Coffey II and the remand motion in Coffey I could eliminate the actions from federal court. Under these circumstances,

we conclude that the most desirable course to follow is to deny transfer of <u>Coffey I</u> and <u>Coffey II</u> without prejudice to the right of any party to seek transfer under Section 1407 if a substantial change of circumstances occurs.

    IT IS THEREFORE ORDERED that the orders conditionally transferring the actions captioned <u>Lowell M. Coffey v. The Dow Chemical Co., et al.</u>, W.D. Kentucky, C.A. No. C-79-495-L(B); and <u>Lowell M. Coffey v. The Department of Defense, et al.</u>, W.D. Kentucky, C.A. No. C-79-488-L(B), be, and the same hereby are, VACATED, without prejudice to the right of any party to seek transfer under Section 1407 if a substantial change of circumstances occurs.